IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARY KAY INC., | § |
| | § |
| Plaintiff-counterdefendant, | § |
| | § Civil Action No. 3:17-CV-2634-D |
| VS. | § |
| | § |
| GERALD MATTHEW REIBEL, | § |
| | § |
| Defendant-counterplaintiff, | § |
| | § |
| and | § |
| | § |
| JOHN DOES 1-10, | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

The instant motion by defendant-counterplaintiff Gerald Matthew Reibel ("Reibel") to certify a class of defendants to defend the claims of plaintiff-counterdefendant Mary Kay Inc. ("Mary Kay") presents the question whether Reibel has established that a *defendant* can certify a class of *defendants* under Fed. R. Civ. P. 23. Concluding that Reibel has not met this burden, the court denies the motion.

I

This is an action by Mary Kay against Reibel arising from Reibel's alleged unauthorized sale of expired Mary Kay products. Mary Kay is a "global manufacturer and wholesale distributor of cosmetics, skin care products, toiletries, and related products." Compl. ¶ 8. It distributes its products to the public through a network of Independent Beauty

Consultants ("Consultants") who—according to Mary Kay—are contractually obligated to "maintain the quality of Mary Kay products by adhering to product storage, handling, sales channel restrictions and other applicable standards." *Id.* ¶ 10. Mary Kay also alleges that it backs its products with a satisfaction guarantee, offering a full refund to any dissatisfied customers who bought from an authorized Consultant. Reibel is not a Consultant. Instead, Reibel operates an eBay storefront, under the username "reibjerr," through which he sells products manufactured by Mary Kay. At least some of the products Reibel has sold were beyond the three-year shelf life established by Mary Kay.

Mary Kay initiated the present lawsuit against Reibel, asserting federal claims of trademark infringement, false advertising, unfair competition, and trademark dilution; and Texas state-law claims of trademark dilution, trademark infringement, unfair competition, and tortious interference with a contract. Reibel filed an answer alleging as affirmative defenses the first sale doctrine, unclean hands, trademark misuse, and nominative fair use. Reibel also asserted a counterclaim seeking a declaratory judgment that he is not infringing Mary Kay's trademarks, and a request for a permanent injunction against similar future lawsuits.[1]

Reibel now seeks to certify a class of "all [persons] who have been contacted by [Mary Kay] with respect to claims against [the person] for dishonest trademark infringement,

---

[1]Reibel also asserted counterclaims under state and federal antitrust law. The court has dismissed these counterclaims. *See Mary Kay Inc. v. Reibel*, 2018 WL 2984865, at *1-5 (N.D. Tex. June 14, 2018) (Fitzwater, J.).

tort[i]ous interference, and anti-trust claims." Mot. Cert. Class 1.² Mary Kay opposes the motion.

II

"To obtain class certification, a party must satisfy Rule 23(a)'s four threshold requirements (numerosity, commonality, typicality, and adequacy of representation), as well as the requirements of Rule 23(b)(1), (2), or (3)." *Gene & Gene, LLC v. BioPay LLC*, 541 F.3d 318, 325 (5th Cir. 2008) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14 (1997)). Reibel's motion seeks certification under Rule 23(b)(1), (2), *and* (3).³ The party

---

²Reibel's brief is inconsistent in attempting to define the putative class. Reibel sometimes states that he seeks to certify a class of all unauthorized resellers who have been contacted or sued by Mary Kay. At other times Reibel seems to define the class as *all* unauthorized resellers of Mary Kay products. There are a few instances where Reibel offers both definitions in the same paragraph. But because the court is deciding the present motion on the ground that Reibel has not established that Rule 23 permits a defendant to certify a class of defendants, the precise composition of the proposed putative class is immaterial.

³To certify a class under Rule 23(b)(1), the movant must show a risk of either "inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class," or "adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests."

Under Rule 23(b)(2), the movant must show that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

Rule 23(b)(3) requires, in pertinent part, that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

seeking class certification bears the burden of proving that all the required elements of Rule 23 are met. *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005). He must do so by a preponderance of the evidence. *See Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 228 (5th Cir. 2009). A class action "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982).

III

Reibel contends that all of the requirements of Rule 23 are met, and thus class certification is proper. Mary Kay maintains that Reibel's motion was not timely filed,[4] Rule 23 does not permit a defendant to certify a class of defendants, and Reibel has failed to satisfy the requirements of Rule 23(a) and (b). The court need only address Mary Kay's contention that Reibel has failed to establish that Rule 23 permits the certification of a defendant class by a defendant.[5]

---

[4]Reibel filed his class-certification motion 172 days after he filed an answer that contained his class allegations. In support of its timeliness argument, Mary Kay cites N.D. Tex. Civ. R. 23.2, which requires that a party move for class certification within 90 days of filing a class action complaint "or at such other time as the presiding judge by order directs." Assuming *arguendo* that Rule 23.2 applies at all in the circumstance of this case, given that the Rule refers only to a "complaint" and not an answer, it can be fairly argued that the court by order did direct adherence to another deadline. The scheduling order in effect when the present motion was filed directed that any "motion not otherwise covered by this order"—which in this case could have included a motion for class certification—be filed by October 5, 2018. Mar. 5, 2018 Scheduling Order 2. But because the court holds that Reibel's motion fails on other grounds, the court need not reach this procedural issue.

[5]Reibel appears to be seeking to certify a proposed putative class of both defendants *and* counterplaintiffs. There is, of course, precedent for permitting defendants to certify

The idea of a defendant class is not novel. Indeed, the text of Rule 23(a) expressly contemplates such classes, stating that "[o]ne or more members of a class may sue *or be sued* as representative parties on behalf of all members." Rule 23(a) (emphasis added). Federal courts have therefore long permitted plaintiffs to move for certification of a defendant class after suing a putative class representative. *See, e.g., Mayo v. Hartford Life Ins. Co.*, 214 F.R.D. 465, 467-68 (S.D. Tex. 2002); *Stewart v. Winter*, 87 F.R.D. 760, 770-71 (N.D. Miss. 1980). What is novel about Reibel's motion is the idea of a *defendant's* moving to certify a class of similarly-situated defendants, so that he may litigate the other class members' defenses on their behalf. The court has found no precedent under Rule 23 for such a motion, and it has never addressed a similar motion before. Reibel cites no cases in which a defendant sought to certify a class of defendants (nor, for that matter, does Mary Kay). The question whether a defendant can do so may, in fact, be a matter of first impression.[6]

---

classes in their capacities as counterplaintiffs. *See, e.g., Am. Fin. Sys. Inc. v. Harlow*, 65 F.R.D. 94, 105-09 (D. Md. 1974). But Reibel's only remaining counterclaim is for a declaratory judgment that he is not infringing any of Mary Kay's trademarks. As this case now stands, a class of declaratory judgment counterplaintiffs is essentially a class of defendants.

[6]Commentators agree that it seems "there has been no case in which a defendant requested that she be certified as a representative of a class of defendants." *See* Assaf Hamdani & Alon Klement, *The Class Defense*, 93 CALIF. L. REV. 685, 710 (2005). A handful of federal district court cases have involved parties attempting to intervene in ongoing litigation as defendant class representatives. *See* Note, *Defendant Class Actions*, 91 HARV. L. REV. 630, 630 n.3 (1978) (citing *Gonzales v. Fairfax-Brewster Sch., Inc.*, 363 F. Supp. 1200 (E.D. Va. 1973), *rev'd in part on other grounds sub nom. McCrary v. Runyan*, 515 F.2d 1082 (4th Cir. 1975), *aff'd*, 427 U.S. 160 (1976); *Otero v. N.Y.C. Hous. Auth.*, 354 F. Supp. 941 (S.D.N.Y.), *rev'd on other grounds*, 484 F.2d 1122 (2d Cir. 1973)). These cases involve little or no analysis of the class certification issue, *see Gonzales*, 363 F. Supp.

Because Reibel is the party seeking certification, he "bears the burden of establishing that *all* requirements of Rule 23 have been satisfied." *Unger*, 401 F.3d at 320. This of course includes the obligation to show that Rule 23 permits him, as a defendant, to certify a defendant class. But Reibel does not address, or even acknowledge, the fundamental, undecided issue presented by his motion. He cites no supporting authority. And even after Mary Kay challenged in its response the premise that Rule 23 permits a defendant to certify a class of defendants, Reibel elected not to file a reply brief and therefore failed to carry his burden of establishing that "*all* requirements of Rule 23 have been satisfied." *See id.*

To grant Reibel's motion, it would be necessary for this court not only to disregard a complete absence of supporting authority, but to engage in a counterintuitive reading of the plain text of Rule 23. Rule 23(a) states that parties may "sue or be sued" in a representative capacity; similarly, Rule 23(c)(1)(A) directs that courts decide the certification issue at "an early practicable time after a person sues or is sued as a class representative." It is not apparent that a defendant who seeks to certify a class of defendants after being sued individually has been "sued as a class representative" per the language of Rule 23. The advisory committee notes to the Federal Rules also largely assume that it is plaintiffs, not defendants, who move for class certification.[7] Reibel presents no argument for why the court

---

at 1203; *Otero*, 354 F. Supp. at 945 n.7, and, in any event, are inapposite because Reibel is not an intervenor.

[7] *See, e.g.,* Rule 23(c)(1) advisory committee's note (2003 amendment) ("The party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified.");

should adopt a contrary interpretation.

In addition, the history of Rule 23 suggests that the Rule does not contemplate defendant classes certified on a defendant's motion. "The class action was an invention of equity, mothered by the practical necessity of providing a procedural device so that mere numbers would not disable large groups of individuals, united in interest, from enforcing their equitable rights nor grant them immunity from their equitable wrongs." *Montgomery Ward & Co. v. Langer*, 168 F.2d 182, 187 (8th Cir. 1948) (citation omitted). Rule 23, which substantially took on its current form in 1966, codifies the equitable class action and serves the same purpose. *See* 7A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 1751, 1753, at 10-17, 42-48 (3d ed. 2004 & Supp. 2018). Reibel's proposed class does not fit the traditional paradigms. This is not a case where many similarly-situated parties have affirmative claims against Mary Kay that are too small or too expensive to be worth pursuing individually; and Reibel does not argue that class certification is necessary to prevent absent class members from wrongfully escaping justice. Rather, Reibel seeks to pool the defenses of himself and other class members so that they can all be litigated at once, potentially foreclosing future lawsuits by Mary Kay. If this is a proper use for the class action device, Reibel must make the case for it.

---

Rule 23(f) advisory committee's note (1998 amendment) ("An order denying certification may confront the plaintiff with a situation in which the only sure path to appellate review is by proceeding to final judgment on the merits of an individual claim that, standing alone, is far smaller than the costs of litigation. An order granting certification, on the other hand, may force a defendant to settle rather than incur the costs of defending a class action and run the risk of potentially ruinous liability.").

Legal commentators also tend to assume that it is the plaintiff who will seek class action status in a case, and the defendant who will oppose it. *See, e.g.,* 7A *Wright & Miller* § 1770, at 480 ("Plaintiff, as is true in all class suits, has the burden of convincing the court that the named representatives will protect the interests of the defendant class."); Robert E. Holo, *Defendant Class Actions*, 38 UCLA L. REV. 223, 224 n.6 (1990) ("Defendant class actions are initiated by plaintiffs under rule 23."). Sources that directly discuss the idea of defendant classes certified by defendants do so only in a theoretical sense, thus emphasizing the fact that granting Reibel's motion would be a significant break from current practice. *See, e.g.,* Assaf Hamdani & Alon Klement, *The Class Defense*, 93 CALIF. L. REV. 685, 690-91, 710 (2005) (proposing "class defense" as theoretical litigation vehicle and distinguishing it from defendant class actions in current practice, in which "it is the plaintiff who names the representative defendant and asks the court to certify the lawsuit as a class action"). The existing literature therefore demonstrates that Reibel's motion is highly unusual, and should be supported by *some* sort of compelling argument before the court adopts it.

The court does not hold today that it is impossible for a defendant ever to certify a defendant class. It would be unwise to reach this conclusion in response to a one-paragraph argument presented by only one of the parties to this case.[8] The court's holding instead rests

---

[8]Mary Kay's argument rests in part on the due process implications of allowing Reibel to certify a class of defendants, who may then be liable for money judgments despite never having a day in court. But these same concerns also exist where defendant classes are certified by *plaintiffs*, as courts have long recognized. *See Kerney v. Fort Griffin Fandangle Ass'n*, 624 F.2d 717, 721 (5th Cir. 1980); *McBirney v. Autrey*, 106 F.R.D. 240, 244 (N.D. Tex. 1985) (Fish, J.). While due process does demand that courts closely scrutinize the

on the fact that Reibel bears the burden on this motion and has failed to carry it.

\* \* \*

For the reasons stated, the court denies Reibel's motion for class certification.

**SO ORDERED**.

September 17, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

adequacy of the putative class representative, *see In re Consumers Power Co. Securities Litigation*, 105 F.R.D. 583, 613 (E.D. Mich. 1985), it does not invalidate defendant classes altogether, *see Kerney*, 624 F.2d at 721.