IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARY KAY INC., | § |
| Plaintiff-counterdefendant, | § § § |
| | § Civil Action No. 3:17-CV-2634-D |
| VS. | § § |
| GERALD MATTHEW REIBEL, | § § |
| Defendant-counterplaintiff, | § § |
| and | § § |
| JOHN DOES 1-10, | § § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

Plaintiff-counterdefendant Mary Kay Inc.'s ("Mary Kay's") December 21, 2018 motion for partial summary judgment—to which defendant-counterplaintiff Gerald Matthew Reibel ("Reibel") has not responded—is granted. Accordingly, Reibel's affirmative defenses of unclean hands and trademark misuse are dismissed with prejudice.[1]

This is an action by Mary Kay against Reibel arising from his allegedly unauthorized sale of expired Mary Kay products. Reibel has pleaded affirmative defenses of unclean hands and trademark misuse. Mary Kay moves for partial summary judgment dismissing

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

these defenses. It maintains that these defenses are not cognizable in this action and that Reibel cannot support either defense with admissible evidence. The court will decide Mary Kay's motion based on the second ground: that Reibel cannot support either defense with admissible evidence.

When, as here, the summary judgment movant will not have the burden of proof on a defense at trial, it can obtain summary judgment by pointing the court to the absence of evidence on any essential element of the nonmovant's affirmative defense. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant does so, the nonmovant must go beyond its pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of an affirmative defense renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

Mary Kay has pointed in its motion to the absence of evidence to support each of Reibel's affirmative defenses in question. *See* D. Br. 9-10 (noting that burden is to point to the absence of evidence to support each essential element, and pointing to absence of supporting proof). The burden has therefore shifted to Reibel to present evidence that creates

a genuine issue of material fact. Reibel has not responded to Mary Kay's motion.[2] Although Reibel's failure to respond does not permit the court to enter a "default" summary judgment, *see, e.g., Tutton v. Garland Independent School District*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Rule 56(e)(2), (3).

Because Mary Kay has pointed to the absence of evidence to support Reibel's affirmative defenses and Reibel has not produced evidence in response to the motion, Mary Kay is entitled to summary judgment dismissing Reibel's affirmative defenses of unclean hands and trademark misuse with prejudice.

---

[2]Reibel's response was due January 11, 2019. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

* * *

Accordingly, Mary Kay's December 21, 2018 motion for partial summary judgment is granted, and Reibel's affirmative defenses of unclean hands and trademark misuse are dismissed with prejudice.

**SO ORDERED**.

February 5, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE