# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| MARY KAY INC., § | |
| § | |
| Plaintiff/Counter-Defendant, § | |
| § | CIVIL ACTION NO. 3:17-cv-02634-D |
| v. § | |
| § | Judge Sidney A. Fitzwater |
| GERALD MATTHEW REIBEL, § | |
| § | |
| Defendant/Counterclaimant. § | |
| _____ § | |

## STIPULATED FINAL JUDGMENT
## AND PERMANENT INJUNCTION

Plaintiff Mary Kay Inc. ("Mary Kay") and Defendant Gerald Matthew Reibel ("Reibel") (collectively, the "Parties") have stipulated and agreed to entry of this Final Judgment and Permanent Injunction pursuant to the Conditional Settlement and Release Agreement ("Settlement Agreement") entered into by the Parties. The Parties have approved the substance and form of this Stipulated Final Judgment and Permanent Injunction and, based on the pleadings, the Parties' Settlement Agreement, and the factual, legal and/or other findings below and for other good cause,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction of the subject matter of this action and personal jurisdiction over Reibel.

2. Venue is proper is this Court.

3. The injunctive relief provisions of this Judgment shall apply to Reibel, as well as his agents, owners, servants, employees, and those persons or entities in active concert or participation with him.

4. Mary Kay has valid and subsisting trademarks for MARY KAY® (U.S. Trademark Registration Nos. 817516, 1070841, 1545983, and 1842599), as well as a number of other federally registered trademarks (collectively, the "Mary Kay Registered Trademarks").

5. Reibel, including anyone acting on his behalf or at his direction, is hereby permanently restrained and enjoined from:

   (a) any use of the Mary Kay Registered Trademarks with respect to its brand and products;

   (b) advertising, selling, or facilitating the advertisement or sale of, via the Internet or otherwise, any goods or products bearing any of the Mary Kay Registered Trademarks;

   (c) facilitating the advertisement or sale of, via the Internet or otherwise, any goods or products bearing any of the Mary Kay Registered Trademarks;

   (d) using the Mary Kay Registered Trademarks in any manner, including advertising on the Internet;

   (e) importing, exporting, manufacturing, producing, distributing, circulating, shipping, selling, offering to sell, advertising, promoting, or displaying any goods or products bearing any of the Mary Kay Registered Trademarks; and

   (f) purchasing or acquiring products bearing any of the Mary Kay Registered Trademarks for the purpose of resale.

6. Reibel shall:

   (a) Take all reasonable steps sufficient to monitor and ensure that all persons within Reibel's control or employment (whether independent contractors, employees, agents, partners, or otherwise) comply with this Order, including but not limited

        to by providing a copy of this Order to any person within his control or employment and requiring that such persons adhere to its terms;

    (b)    Take all reasonable steps sufficient to monitor and ensure that all persons authorized to act on Reibel's behalf, including all officers and principals, comply with this Order; and

    (c)    Take all reasonable corrective action with respect to any individual whom Reibel determines is not in compliance with the terms of this Order, which may include training, disciplining, and/or terminating such individual, and notifying Mary Kay in writing of the underlying conduct.

    7.    Pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, this Order is binding upon the following persons who receive actual notice of it: the parties, the parties' officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with the parties or the parties' officers, agents, servants, employees, and attorneys.

    8.    This Court shall retain jurisdiction of this matter in law and in equity for the purpose of enforcing and/or adjudicating claims in violation of this Final Judgment and Permanent Injunction.  Any such matters shall be raised by noticed motion.

    Each party shall bear its own costs, expenses and attorneys' fees.  The claims against John Does 1-10 are dismissed without prejudice.

    **SO ORDERED**.

    May 14, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

ACKNOWLEDGED AND AGREED:


/s/ Warren V. Norred
Warren V. Norred
State Bar No. 24045094
wnorred@norredlaw.com

**NORRED LAW, PLLC**
200 E. Abram, Suite 300
Arlington, Texas 76010
(817) 704-3984 – Telephone
(817) 524-6686 – Facsimile

*Attorneys for Defendant Gerald Matthew Reibel*


/s/ Christopher J. Schwegmann
Christopher J. Schwegmann
State Bar No. 24051315
cschwegmann@lynnllp.com

**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 – Telephone
(214) 981-3829 – Facsimile

*Attorneys for Plaintiff Mary Kay Inc.*